UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **KONINKLIJKE BOSKALIS WESTMINISTER NV ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 07-2796** |
| **MEDITERRANEAN SHIPPING CO., S.A. ET AL.** | **SECTION: "S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motions to stay the proceedings, pending the decision of the United States Court of Appeals for the Fourth Circuit in <u>In re Compania Naviera Joanna, S.A.</u>, No. 08-1031, of MSC Mediterranean Shipping Company S.A., Compania Naviera Marina S.A., Compania Naviera Carolina, and Hieracos Corp. are **DENIED**. (Documents # 54 and #56).

**IT IS FURTHER ORDERED** that the "Motion to Dismiss by Direct Estoppel" of MSC Mediterranean Shipping Company S.A., Compania Naviera Marina S.A., Compania Naviera Carolina, and Hieracos Corp. is **DENIED**. (Document #64.)

## I. BACKGROUND

This action and the limitation action, <u>In re Compania Naviera Joanna, S.A.</u>, No. 08-1031,

United States District Court for the District of South Carolina (Charleston court), arise out of a collision on March 8, 2007, between the MSC JOANNA and the self-propelled dredge, W.D. FAIRWAY,[1] in the Bohai Gulf in the territorial waters of the Peoples Republic of China.

Relevant to this motion, Koninklijke Boskalis Westminster NV and Boskalis International BV, and Westminster International BV (Boskalis) filed actions *inter alia* in Charleston and New Orleans,[2] seeking Supplemental Rule B writs of attachment against vessels charted to Mediterranean Shipping Company S.A. (MSC). MSC and MSC JOANNA filed a limitation action in the Charleston court. MSC and MSC JOANNA reserved the right to move for a dismissal of the limitation action in Charleston on grounds of *forum non conveniens* to preserve their right to assert any liabilities arising out of the collision should be adjudicated in China.

The Charleston court enjoined all potential claimants from initiating or continuing proceedings in any other jurisdiction and required the claims to be filed in the Charleston limitation action. The limitation action stayed the action in New Orleans.

Boskalis filed an answer, asserting a $326,000,000 claim. MSC and MSC JOANNA moved to dismiss the limitation action on grounds of *forum non conveniens*, and the court granted the motion in favor of the limitation action pending in China. Boskalis filed a notice of

---

[1] The W D FAIRWAY was declared a total loss. Losses are estimated to exceed $325,000,000.

[2] On May 4, 2007, Boskalis filed a verified complaint to attach the MSC MARINA, a sister ship of the MSC JOANNA, under Rule B of the Supplemental Rules of Admiralty to obtain security for its claims.

appeal. The appeal is pending before the United States Court of Appeals for the Fourth Circuit. MSC , Compania Naviera Marina S.A., Compania Naviera Carolina, and Hieracos Corp. (the defendants) filed a motion to dismiss by direct estoppel in this court.

## II. DISCUSSION

The defendants argue that Boskalis is barred from relitigating the factual and legal issues determined by the Charleston court in its *forum non conveniens* dismissal. Boskalis contends that direct estoppel is inapplicable. Boskalis argues that the dismissal based on *forum non conveniens* has no preclusive effect in this action because the Charleston court did not decide the issues that this court must consider in applying *forum non conveniens* to Boskalis' Rule B attachment action.

Direct estoppel is a form of issue preclusion. Sidag Aktiengesellschaft v. Smoked Foods Products Co., 776 F.2d 1270, 1275 (5th Cir. 1985). "When an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." RecoverEdge L.P. v. Pentecost, 44 F.3d 1284, 1290 (5th Cir. 1995). Issue preclusion principles are the same in direct estoppel and collateral estoppel. United States v. Shenberg, 89 F.3d 1461, 1478-79 (11th Cir. 1996). A prior judgment has collateral estoppel effect if "(1) the issue in the current suit is identical to the issue in the prior action; (2) the issue was actually litigated in the prior action; and (3) the determination of the issue in the prior action was a necessary part of the judgment in the earlier action." DeShazo v. Nations Energy Co. Ltd., 286 Fed. Appx. 110, 113 (5th Cir. 2008) (citing Stripling v. Jordan Prod. Co., 234 F.3d 863, 868 (5th Cir. 2000). The doctrine of direct estoppel may be applicable to a *forum*

3

*non conveniens* dismissal, even though the dismissal did not resolve the merits of the claim. Pastewka v. Texaco, Inc., 565 F.2d 851, 854 (3d Cir. 1977).

The issues presented in this court are not identical to those raised in the Charleston court. The Charleston court analyzed the convenience of adjudicating the limitation action in its forum, but did not address *forum non conveniens* in the context of a Supplemental Rule B attachment proceeding. The nature of Rule B assumes that the defendant cannot be found in the district and is "premised upon and exists only if it is inconvenient." Linea Navira De Cabotaje, C.A. v. Mar Caribe de Navegacion, C.A., 169 F.Supp.2d 1341, 1352 (M.D.Fla. 2001).

Further, the action in this court requires an additional inquiry, not addressed in the Charleston court, as to the need to provide plaintiffs with jurisdiction over vessels where they can be found or risk losing control over a valuable asset. See Perusahaan Umum Listrik Negara Pusat v. M/V Tel Aviv, 711 F.2d 1231, 1237-38 (5th Cir. 1983). The Charleston court did not assure that an alternative forum would provide the remedy that has been secured through the Rule B attachment in New Orleans. See Warn v. M/Y Maridome, 961 F.Supp. 1357, 1375 (S.D.Cal. 1997). Moreover, the Charleston court's statements that "[w]hat claimants do have, however, is the ability to attach vessels to the extent permitted by Rule B" indicates that it was not the intent that the *forum non conveniens* determination in Charleston would apply to other Rule B proceedings.

In addition, in making the *forum non conveniens* determination, the Charleston court stated that the law of China would apply. The Charleston court did not have the benefit of the MSA collision investigation report, prepared by experts in Chinese maritime law, that concluded

4

that the COLREGS, the same rules applied to determine collision liability under the laws of the United States, would apply in this case. Because identical issues have not been litigated in the prior action, the judgment of the Charleston court dismissing the limitation action for *forum non conveniens* does not have preclusive effect in this court.

Accordingly, the doctrine of direct estoppel does not apply, and the motion to dismiss by direct estoppel is denied.

New Orleans, Louisiana, this __3rd__ day of February, 2009.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**